UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN H. FISHER,

        Petitioner,

v.                                                                  Case No. 11-C-878

QUALA CHAMPAGNE,

        Respondent.

## SCREENING ORDER

On September 19, 2011, John Fisher filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in the Racine County Circuit Court of "first degree recklessly endangering safety while armed" and was sentenced to ten years imprisonment. He is currently incarcerated at McNaughton Correctional Facility. Petitioner has paid the $5 filing fee.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Fisher's petition contains four grounds he contends entitles him to habeas relief. Fisher bases his first two grounds on what he alleges were improper evidentiary rulings by the trial court.

Fisher contends the trial court erred in: (1) ruling that a witness' prior incompetency determination could be placed before the jury and (2) ruling that the jury could hear that he was on probation at the time of the offense. Attached to the petition is the decision of the Wisconsin Court of Appeals affirming his conviction.

Federal review of state evidentiary rulings is limited to situations where the alleged error results in the denial of a specific constitutional right or of fundamental fairness. *United States ex rel. Clark v. Fike*, 538 F.2d 750, 757 (7th Cir. 1976). "To be of constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises the petitioner's due process right to a fundamentally fair trial." *Howard v. O'Sullivan*, 185 F.3d 721, 723–24 (7th Cir. 1999).

Nothing in the record suggests the trial court's ruling was in error, let alone resulted in a violation of petitioner's constitutional rights. The defense wanted the witness to testify to expose inconsistencies in her statements. The court found that the nature of her mental condition — "its permanence and her susceptibility to suggestion and inability to understand court proceedings — made the incompetency finding 'clearly relevant.'" (ECF 1-1 at ¶ 9.) The trial court concluded that if the witness were to testify, the prosecution could raise the incompetency finding so the jury could conclude whether her limitations accounted for her inconsistent statements. In other words, the trial court determined the witness's mental capacity would be a proper subject of inquiry for the jury in determining her credibility. Trial counsel even conceded that the witness's testimony would have been of only limited use. (*Id.* at ¶ 11.) I conclude the trial court's decision was not in error; nor did it result in the denial of a specific constitutional right. Accordingly, ground one will be dismissed.

Fisher's second claim of an erroneous evidentiary ruling — that the jury could hear he was on probation — is similarly flawed. At trial, Fisher sought to portray himself as cooperative and

2

thus opened the door for the prosecutor to rebut his evidence about his willingness to work with the authorities. *See* Wis. Stat. § 904.04(1)(a). The prosecution was accordingly permitted to introduce evidence that Fisher had failed to report as directed with probation. As this was not in error, ground two will be dismissed.

Fisher's third ground for relief is that the prosecution did not disprove his claim of self-defense. Fisher concedes he did not exhaust his state remedies on this ground because his appellate attorney refused to present the issue on appeal. Fisher further contends this refusal constitutes ineffective assistance of appellate counsel.

Under the Due Process Clause of the Fifth Amendment to the Constitution, the State must prove every fact necessary to constitute the crime charged. *Francis v. Franklin*, 471 U.S. 1301 (1985). Due process protects the accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime[s] which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The clearly established federal law applicable to this case is set out in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which holds that due process requires reversal of a criminal conviction if, viewing the evidence in the light most favorable to the prosecution, no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Fisher provides no supporting evidence or facts for his claim of self-defense. He merely cites Wis. Stat. § 939.48(1) for his contention that a person is privileged to point a weapon at another in self-defense. It is clear from the facts set forth in the decision of the Wisconsin Court of Appeals affirming his conviction, none of which are disputed, that a rational trier of fact could have easily found that Fisher was not acting in self-defense. Fisher and the alleged victim, Leonard Herron, both testified at trial. Both gave different accounts of the incident. According to Herron,

he was walking with his girlfriend, Lanethea Slocum, when Fisher drove up; the men argued and Fisher stabbed Herron. (ECF 1 at ¶ 2.) While Fisher gives a different account of the incident, the jury was not required to accept his version, and from Herron's testimony, a reasonable jury could conclude Fisher was not acting in self-defense. As such, Fisher's claim for relief based on his third ground will be denied.

Finally, Fisher alleges ineffective assistance of counsel based on trial counsel's failure to raise a variety of issues, including failure to suppress evidence, failure to "suppress inconsistent statements made by Ms. Slocum and Mr. Herron" and failure to "object to a defective criminal complaint." Fisher again admits he did not exhaust his state remedies on this ground, as his appellate attorney refused to present this issue on appeal (and again alleges this refusal constitutes ineffective assistance of appellate counsel.) Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). This extends to both trial and appellate counsel.

Nonetheless, Fisher has alleged no facts from which even an inference that his attorneys may have been ineffective can be drawn. Fisher has failed to allege any facts demonstrating, in any sense, how his counsel was ineffective. Counsel's failure to "suppress inconsistent statements" is no violation at all since the fact that witnesses' statements are inconsistent is not a ground for suppression. It likely worked in his favor in any event as he was attempting to undermine Mr. Herron's credibility. Any failure to "object to the defective criminal complaint" is completely subsumed by the fact that a jury found Fisher guilty beyond a reasonable doubt. Finally, Fisher's vague assertions of counsel's "failure to suppress evidence" are toothless without additional information. Even with a liberal pleading construction, Fisher's pleading as to this issue is insufficient to state a claim cognizable under § 2254. Accordingly, the case will be dismissed.

4

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (1999) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

The Court concludes for the reasons set forth in this decision denying Fisher's habeas corpus petition, that none of his claims warrant a certificate of appealability. Fisher has not made a "substantial showing of the denial of a constitutional right" by demonstrating either that jurists of reason could disagree with this court's resolution of constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Consequently, the court will deny Fisher a certificate of appealability. Fisher retains the right to seek a certificate of appealability from the court of appeals.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

Dated this   30th   day of September, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge